UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON SAMBO, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:08CV01012 ERW |
| | ) | |
| CITY OF TROY, MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon the Preliminary Injunction Hearing and

Defendant's Motion to Dismiss [doc. #10]. A hearing was held on July 31, 2008, and the Court

heard arguments from the Parties on these Motions. This case involves an effort by Brandon

Sambo, William Sambo, Lisa Sambo and Autumn Spears (collectively, "Plaintiffs") to have the

Court require the City of Troy, Missouri ("Defendant") reinstate Plaintiffs' Business License and

prohibit Defendant from interfering with Plaintiffs opening and operating their business.

**I.     BACKGROUND**

Plaintiffs entered into a general partnership to open a store ("Bliss"). They planned to sell

many items, including, candles, incense, t-shirts, tobacco products, novelties, adult videos and

adult products. On April 15, 2008, Plaintiffs applied to Defendant for a city business license

which was issued that same day. Upon receipt of the license which was valid until June 30, 2008,

Plaintiffs engaged in other activities to prepare to open their business, e.g. Plaintiffs obtained a

federal tax identification number and a county merchant's license, they purchased inventory,

leased a retail space, installed a telephone line, set up utilities, purchased display cases and leased

a credit card machine. Plaintiffs initially planned to open Bliss on May 1, 2008, however, because of the work that had been completed, an early opening was anticipated.

On April 21, 2008, the Board of Alderman revoked the business license. The minutes from the Board of Alderman's meeting state:

> Alderman Bass stated that the Administrative Department Report noted that an Adult Business was recently issued a Business License and would be located next to the tattoo parlor on W. Cherry. Pastor Rhea from the First Baptist Church of Troy read statistics on pornography and criminal behavior, etc. He quoted Supreme Court rulings regarding addition to pornography. Alderman Bass made a motion, seconded by Alderman Clarkson to revoke the Business License of the Adult Store. Vote: Bass aye, Clarkson aye, Cottler aye, Colbert aye, Detert aye.

Plaintiffs did not receive notice that their business license would be discussed or challenged at this meeting. On April 22, 2008, the Chief of Police went to Bliss, informed Plaintiffs that their business license had been revoked, and seized the license.

When Plaintiffs' attempts to negotiate the restoration of their business license failed, they hired a lawyer and filed the pending action. On July 11, 2008, upon receipt of bond in the amount of $100, this Court entered a temporary restraining order directing Defendant to issue a City Business License to Plaintiffs, and enjoining Defendant from prohibiting or interfering with the operation of the business. After the Court issued the temporary restraining order, Defendant issued Plaintiffs a business license that is valid until June 30, 2009. Plaintiffs opened their business immediately.

## II.    MOTION TO DISMISS

### A.    *STANDARD OF REVIEW*

Under the Federal Rules of Civil Procedure, a defendant may file a motion to dismiss for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the Court must assume that all material facts

alleged in the complaint are true. *Davis v. Monroe City Bd. of Educ.*, 526 U.S. 629, 633 (1999). The court must view all facts and inferences in the light most favorable to the non-moving party. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* A dismissal under Rule 12(b)(6) should be granted "only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004) (quoting *Frey v. Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995)). A complaint shall not be dismissed for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff cannot prove any set of facts" that would entitle the plaintiff to relief. *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2002) (citing *Kohl v. Casson*, 5 F.3d 1141, 1148 (8th Cir. 1993)).

**B.     DISCUSSION**

Defendant asserts that the Court does not have jurisdiction over Plaintiffs' claims because Plaintiffs failed to seek a writ of prohibition prior to filing this action. The Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Defendant argues that a writ of prohibition is a meaningful postdeprivation remedy that was available to Plaintiffs, and that because Plaintiffs did not seek this writ, their due process claim should be dismissed.

"A writ of prohibition is an extraordinary remedy." *State ex rel. Bennett v. Ravens*, 2008 WL 3287093, at *1 (Mo. Ct. App. August 12, 2008). It may be ordered when: "(1) the trial

court acts without jurisdiction; (2) the trial court acts in excess of its jurisdiction or abuses its discretion where it 'lacks the power to act as intended'; or (3) where the trial court's order may cause a party irreparable harm." *Id.* (quoting *State ex rel. T.W. v. Ohmer*, 133 S.W.3d 41, 43 (Mo. banc 2004)). This remedy is not limited to actions against courts, and may be brought against "judicial personnel and towards commissions and other public bodies exercising quasi-judicial functions." 24 Mo. Prac., Appellate Practice § 12.4 (2d ed.). Missouri courts have entered writs of prohibition in many different instances, including addressing whether a state department could be required to submit a negligence claim to arbitration, whether a juvenile was competent, and whether a court erroneously found that venue was proper. *Murray v. Missouri Highway and Transportation Commission*, 37 S.W.3d 228 (Mo. banc 2001); *State ex rel Stubblefield v. Bader*, 66 S.W.3d 741 (Mo. banc 2002); *State ex rel. Director of Revenue, State of Missouri v. Gaertner*, 63 S.W.3d 564 (Mo. banc 2000).

Plaintiffs claim that their procedural due process rights were violated when Defendant revoked their business license without notice. In their Complaint, Plaintiffs acknowledge that Defendant had the authority to revoke their business license, however, they assert error in the manner in which their business license was revoked. Accordingly, the issue presented to the Court is very similar to that in *Franzwa v. City of Hackensack*, 2008 WL 2704220 (D. Minn. July 3, 2008). In *Franzwa*, the city counsel removed the mayor, and when he brought an action claiming that his procedural due process rights were violated, the city counsel responded that the court did not have jurisdiction over his claims because he failed to seek a writ of prohibition. *Id.* at *4. The trial court found for the mayor because the dispute was over the "manner in which that removal was effected" not that the city counsel's power to remove the mayor. *Id.* As a result, a writ of prohibition was not available to the mayor, and jurisdiction was proper. *Id.*

The Court's analysis in this action leads to the same conclusion. In Missouri, "[t]he general rule is that, if a court is entitled to exercise discretion in the matter before it, a writ of prohibition cannot prevent or control the manner of its exercise." *State ex rel. K-Mart Corp. v. Holliger*, 986 S.W.2d 165, 169 (Mo. banc 1999). Where the state actor is acting within their jurisdiction, writ relief will be denied because the "trial court's determination . . . will be subject to review on appeal." *Jones v. Corcoran,* 625 S.W. 2d. 173, 175 (Mo. Ct. App. 1981). "Prohibition is never properly granted except where usurpation of jurisdiction or an act in excess of same is clearly evident." *State ex rel. Allen v. Yeaman*, 440 S.W.2d 138, 145 (Mo. Ct. App. 1969) (citing *State ex rel. McCarter,* 328 S.W. 2d. 589 (Mo. 1959)).

Applying this rule to the action pending before this Court, a writ of prohibition was not a viable remedy for Plaintiffs. Defendants did not usurp their jurisdiction. Plaintiffs do not contest Defendant's power to revoke their business license, instead they contest the means by which their license was revoked. A writ of prohibition is not available to "prevent or control the manner" in which the Board of Alderman revoked Plaintiffs' business license. *State ex rel. K-Mart Corp.*, 986 S.W.2d at 169.

There is an exception to the general rule that a writ of prohibition will not "prevent or control the manner" in which a defendant acts. This exception will allow the writ where a defendants' abuse of discretion is so great that it creates "injury which cannot be remedied on appeal." Accordingly, if Plaintiffs' injury is irreparable, a writ of prohibition would be available to Plaintiffs, and their procedural due process claim should be dismissed. *State ex rel. K-Mart Corp.*, 986 S.W.2d at 169 (citing *Jones v. Corcoran,* 625 S.W. 2d. 173 (Mo. Ct. App. 1981). The Court has considered this exception, and finds that it does not apply to Plaintiffs' claim because the injury Plaintiffs suffered is not irreparable.

The Court must determine whether "absolute irreparable harm may come to a litigant if some spirit of justifiable relief is not made available." *State ex rel. AG Processing Inc. v. Thompson*, 100 S.W.3d 915, 919 (Mo. Ct. App. 2003) (quoting *State ex rel. Riverside Joint Venture v. Mo. Gaming Comm'n*, 969 S.W.2d 218, 221 (Mo. banc 1998). An injury is irreparable if a plaintiff "faces the plight of being without other relief." *State ex rel Richardson v. Randall*, 660 S.W.2d 699 (Mo. banc 1983). The Court finds that the harm Plaintiffs claim they suffered is not irreparable as they may bring a suit for money damages. *Guy Carpenter & Co. v. John B. Collins Associates, Inc.*, 179 F.App'x 982, 983 (8th Cir. 2006). Plaintiffs' injury is economic, and "can be redressed fully by an award of damages." *State of Minnesota. by Noot v. Heckler*, 718 F.2d 852, 860 n.12 (8th Cir. 1983). The Court will now consider whether a preliminary injunction should be issued.

## III.    PRELIMINARY INJUNCTION

In determining whether a preliminary injunction is warranted, the Court is guided by *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981). "The primary function of a preliminary injunction is to preserve the status quo until, upon final hearing, a court may grant full, effective relief." *Kansas City Southern Trans. Co., Inc. v. Teamsters Local Union #41*, 126 F.3d 1059, 1065 (8th Cir. 1997) (internal quotation omitted). Injunctive relief is only appropriate where the party seeking the relief has no adequate remedy at law. The relevant factors to be considered by a district court are: "(1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on the other interested parties; and (4) whether the issuance of an injunction is in the public interest." *Entergy, Arkansas, Inc. v. Nebraska*, 210 F.3d 887, 898 (8th Cir. 2000) (citing *Dataphase*, 640 F.2d at 114).

The "[f]actors are not a rigid formula . . . 'The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies.'" *Branstad v. Glickman*, 118 F. Supp. 2d 925, 938 (N.D. Iowa 2000) (citing *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506-07 (1959)). No one factor is dispositive of a request for injunction; the Court considers all of the factors and decides whether "on balance, they weigh towards granting the injunction." *Baker Elec. Co-Op, Inc. v. Chaske*, 28 F.3d 1466, 1472 (8th Cir. 1994) (quoting *Calvin Klein Cosmetics Corp. v. Lenox Lab.*, 815F.2d 500, 503 (8th Cir. 1987). The burden of establishing that preliminary relief is warranted is on the party seeking the injunction. *Id.* In this case, the Court finds that the *Dataphase* factors have been satisfied for Plaintiff's First Amendment claim, but not for Plaintiff's procedural due process claim.

## A.  PROCEDURAL DUE PROCESS CLAIM

Plaintiffs are not entitled to injunctive relief for the procedural due process claim they have brought under the Fourteenth Amendment. The Court finds that the first factor of the *Dataphase* test is satisfied as Plaintiffs are likely to succeed on their claim alleging violation of their rights to procedural due process. It is well established that Plaintiffs had a property interest in the business license. *See Gray v. City of Valley Park, Mo.*, 2008 WL294294 (E.D. Mo. January 31, 2008). Where a vested property interest exists, that property cannot "be taken away without procedural due process required by the Fourteenth Amendment." *Bell v. Burson*, 402 U.S. 535, 539 (1971). The evidence presented at the preliminary injunction hearing demonstrated that Defendant did not provide Plaintiffs with any measure of due process prior to revoking their business license. Plaintiffs were not even given notice that their license would be discussed at the meeting of the Board of Alderman.

Additionally, the Court finds that the third and fourth *Dataphase* factors favor Plaintiffs. The third factor considers the balance of the harm, and in this instance, the balance weighs in favor of Plaintiffs. While Defendants have not introduced any evidence of harm they would incur should the Court enter a preliminary injunction, it is clear that Plaintiffs will suffer significant economic harm if they are unable to continue operating their business. The fourth factor also weighs toward Plaintiffs because they allege the violation of constitutional rights, and the issuance of a preliminary injunction is in the public interest "to protect constitutional rights." *Phelps-Roper v. Nixon*, 509 F.3d 480, 485 (8th Cir. 2007).

However, the Court finds that a preliminary injunction is inappropriate for Plaintiffs' due process claim because the evidence supporting the second *Dataphase* factor weighs strongly against Plaintiffs. An irreparable injury is an injury "of such a nature that money damages alone do not provide adequate relief." *Hinz v. Neuroscience, Inc.*, 538 F.3d 979, 986 (8th Cir. 2008). The harm Plaintiffs suffered by the revocation of their license is not irreparable as it can be remedied through monetary damages alone. Plaintiffs injury results from their inability to operate their business, and "[i]mminent business loss or failure is a form of economic injury." *State of Minn. by Noot*, 718 F.2d at 860, n.12.

For injunctive relief to be granted in an action alleging damage to a business, Plaintiffs must show not just economic loss, but also extrinsic damage such as the loss of goodwill or injury to business reputation. *See Watkins Inc. v. Lewis*, 346 F.3d 841, 846 (8th Cir. 2003); *Medtronic, Inc. v. Gibbons*, 684 F.2d 565, 566 (8th Cir. 1982). In their Motion for Temporary Restraining Order, Plaintiffs allege that the delay in opening their store resulted in a tangible loss of goodwill and business reputation. These injuries are considered to be irreparable, and would allow the Court to grant a preliminary injunction, however, Plaintiffs failed to present any evidence of these

injuries at the hearing on July 31, 2008.  *See Watkins Inc. v. Lewis*, 346 F.3d 841, 846 (8th Cir. 2003).  The only injury for which Plaintiffs presented evidence at the preliminary injunction hearing was their economic injury.

It is well established that "the absence of a finding of irreparable injury is alone sufficient ground for [denying a] preliminary injunction."  *Guy Carpenter & Co.*, 179 F.App'x at 983 (quoting *Dataphase*, 640 F.2d at 114 n.9).  Damages will adequately compensate Plaintiffs for their injury, and injunctive relief is not appropriate for Plaintiffs' procedural due process claim. *See Kelly v. Golden*, 352 F.3d 344, 353 (8th Cir. 2003).

## B.    FIRST AMENDMENT CLAIM

The first *Dataphase* factor weighs in favor of Plaintiffs; the Court concludes that Plaintiffs will likely succeed on their First Amendment claim.  The minutes from the Board of Alderman meeting demonstrate that the business license was revoked solely because Plaintiffs planned to sell adult videos and materials in their store.  "The government cannot regulate speech because it disagrees with the message conveyed."  *Thorburn v. Austin*, 231 F.3d 1114, 1117 (8th Cir. 2000). When the government bases a restriction on the message being conveyed, they have enacted what is known as a content based restriction, "regulat[ing] speech based on its content."  *Republican Party of Minnesota v. White*, 416 F.3d 738, 763 n.14 (8th Cir. 2005).  The evidence presented at the hearing demonstrates that Defendant's actions in revoking the license were "content based." *See Essence, Inc. v. City of Federal Heights*, 285 F.3d 1272, 1283 (10th Cir. 2002).

Content based restrictions are "*presumptively invalid.*" *Republican Party of Minnesota*, 416 F.3d at 763 n.14 (emphasis in original).  For a content based "regulation to be upheld, it must be necessary to serve a compelling government interest and narrowly tailored to achieve its end." *Thorburn v. Austin*, 231 F.3d 1114, 1117 (8th Cir. 2000).  The Court finds that Defendant's

actions are unlikely to survive this standard of review, and accordingly, this factor weighs in favor of Plaintiffs.

The final three factors also weigh in favor of Plaintiffs. These Plaintiffs have suffered an irreparable injury because "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *See Elrod v. Burns*, 427 U.S. 347, 373 (1976). This factor weighs strongly in Plaintiffs' favor for their claim under the First Amendment. Additionally, while Defendants have not introduced any evidence of harm they would incur should the Court enter a preliminary injunction, it is clear that Plaintiffs will continue to suffer harm from the infringement of their First Amendment rights. Finally, the Court finds that the issuance of a preliminary injunction is in the public interest as "it is always in the public interest to protect constitutional rights." *Phelps-Roper v. Nixon*, 509 F.3d 480, 485 (8th Cir. 2007). All four factors weigh in favor of Plaintiffs. The Court must consider all of the factors and decide whether "on balance, they weigh towards granting the injunction." *Baker Elec. Co-Op, Inc.*, 28 F.3d at 1472. The balance of the factors weigh in favor of granting the preliminary injunction Plaintiffs seek.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [doc. #10] is **DENIED.**

**IT IS FURTHER ORDERED** that a Preliminary Injunction is **GRANTED.** Defendant City of Troy, its officers, agents, servants, employees, attorneys, and all persons acting in concert with them, or in connection with them, are enjoined, until further order of this Court, from prohibiting or interfering with the otherwise lawful operation of the retail establishment Bliss, or

the partners, agents or servants of Bliss who might be engaged in the operation of Bliss, located at 171 W. Cherry Street, Troy, Missouri.

Dated this <u>18th</u> day of <u>September</u>, 2008.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE